IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>JESÚS E. COLÓN-SALINAS,<br><br>**Defendant.** | 12-cr-691-7(RAM) |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendant Jesús E. Colón-Salinas' ("Defendant") *Motion for Modification and Reduction of Sentence, Pursuant to Title 18 U.S.C. § 3582(c)* and second *Motion to Reduce an Imposed Sentence (Pursuant to § 3582(c)(2)) and (USSG Amendment 782)* ("*Motions*"). (Docket Nos. 1919 and 2388). Having considered and adopted the Magistrate Judge Bruce J. McGiverin's *Report and Recommendation Re: Amendment 782*, the Presentence Investigation Report, and the parties' submissions in support and opposition of the sentence reduction, Defendant's *Motions* are **GRANTED.**

I.     **BRIEF PROCEDURAL BACKGROUND**

Defendant pled guilty to Counts One and Six of a six-count Indictment. (Docket Nos. 3; 1471-1473). On November 12, 2013, he was sentenced by the Honorable José A. Fusté to 87 months as to Count One and 60 months as to Count Six for a total term of

imprisonment of 147 months. (Docket Nos. 1550-151). On November 22, 2016, Defendant filed his first motion to reduce sentence pursuant to Amendment 782. (Docket No. 1919). On June 16, 2020, he filed the second motion to reduce sentence pursuant to Amendment 782. (Docket No. 2388). Pursuant to Administrative Directive 14-MC-0426, the matter was referred to Magistrate Judge Bruce J. McGiverin. (Docket No. 2389). On January 29, 2021, Judge McGiverin issued a Report and Recommendation finding that Defendant qualified for a sentence reduction. (Docket No. 2463). The Federal Public Defender filed a motion in support of the reduction on July 28, 2021, and the Government filed a motion opposing the reduction on August 12, 2021. (Dockets Nos. 2489 and 2494, respectively). The case was transferred to the undersigned's docket on March 23, 2022. (Docket No. 2550). On July 13, 2022, Defendant filed a motion requesting a ruling. (Docket No. 2582).

## II. SENTENCE REDUCTION PROCEDURE

As explained by the First Circuit, the process to determine whether a defendant should receive a sentence reduction is as follows. First, the Court "must determine "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." United States v. Rodriguez-Rosado, 909 F.3d 472, 479 (1st Cir. 2018) (quotation omitted); U.S.S.G. § 1.10(b)(1). Second, the Court must consider the Section 3553(a) factors "and

determine whether, in its discretion, the reduction" is "warranted in whole or in part under the particular circumstances of the case." Rodriguez-Rosado, 909 F.3d at 479 (quotation omitted). Moreover, "the Court shall also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Id. (quotation omitted). Lastly, the process cannot be tantamount to a full resentencing. Id.

### III. ANALYSIS

A. <u>Determination of the amended guideline range</u>:

Count One of the Indictment charges a violation of Title 21 U.S.C. §§ 848(a)(1), 846 and 860 and is the count of conviction within Amendment 782's scope. Defendant conspired to possess with intent to distribute at least 2 but less than 3.5 kilograms of cocaine. Consequently, the base level for this offense is 26 pursuant to USSG § 2D1.1.(c)(7). (Docket No. 1508 at 16). The base offense level was originally 28, but with the application of Amendment 782, it is reduced by 2 to 26. Id. Further, because the offense took place within a protected location, 2 levels are added pursuant to USSG § 2D1.2. Moreover, because Defendant acted as a leader in the conspiracy, 2 levels are added pursuant to USSG § 3B1.1. Id. Lastly, given Defendant's acceptance of responsibility and assistance in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to

enter a plea of guilty, 3 levels are deducted from his offense level. Id. The foregoing results **in a total offense level of 27**. Based on total offense level of 27 and a criminal history of one, the amended guideline sentencing range for Count One is from 70 to 87 months.

B. Consideration of the sentencing factors:

Among other 18 U.S.C. Section 3553(a) factors, the Court has considered the history and characteristics of Defendant including his post-conviction conduct. While the Court cannot overlook Defendant's past as a drug-point owner who carried firearms in furtherance of his drug-trafficking crimes, this was his first arrest and conviction. (Docket No. 1508 at 14-16). Turning to his post-conviction conduct, Defendant recognizes that he has incurred in seven disciplinary violations since his arrest in 2012. (Docket No. 2489 at 5).

Based on the information provided by the parties, only two are significant to this analysis. One was for fighting and the other for destruction of property worth less than $100.00. Id. Yet the parties did not disclose the dates of these violations which are counterbalanced by Defendant's participation in over 1,500 hundred hours of educational courses. (Docket Nos. 2489 at 5; 2494 at 2). Therefore, Defendant's post-conviction conduct does not negate a sentence reduction.

The Court has also considered the need for the sentence to reflect on the seriousness of the offense, promote respect for the law, and provide just punishment and deterrence. The Court deems that a sentence of **70 months** as to Count One is sufficient but not greater than necessary to fulfill these and other sentencing objectives in 18 U.S.C. § 3553(a). **Like the original sentence, the reduced sentence is at the lower end of the guideline range**. But it cannot be considered a slap in the wrist since the total sentence reduction is 17 months and Defendant is also subject to a 60-month sentence for Count Six. Moreover, the sentence gives Defendant the benefit of a reduction under Amendment 782 without the undersigned stepping into a full resentencing.

C. <u>Consideration of the danger that may be posed by Defendant's release</u>:

Turning to consideration of the danger that may be posed by Defendant's release, no evidence of danger to a specific person was proffered. Further, as for the danger to the community, Defendant's post-conviction conduct over a 9-year span suggests he can successfully reintegrate into society with the benefit of the 8-year supervised release term imposed by Judge Fusté. (Docket No. 1551 at 3).

D. <u>Other</u>:

In addition to the sentence of imprisonment as to Count One, Defendant remains subject to a consecutive sentence of 60 months of imprisonment as to Count Six which cannot be reduced.

An Order using Form AO 247 shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of July 2022.

<u>S/ RAÚL M. ARIAS-MARXUACH</u>
United States District Judge